UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Scotty Calvin Carrillo, | ) | CASE NO. 1:22 CV 2164 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jennifer Dowdell Armstrong (Doc. 13) recommending that the decision of the Commissioner be vacated and remanded. Defendant filed an objection. For the reasons that follow, the R&R is ACCEPTED IN PART and REJECTED IN PART and the decision of the Commissioner is VACATED and REMANDED.

### FACTS

Only those facts necessary for a resolution of defendant's objection are set forth herein. Plaintiff Scotty Calvin Carrillo ("Carrillo") filed an application for Supplemental Security Income

("SSI") on July 24, 2020, alleging a disability onset date of October 31, 2014.[1] The claim was denied initially on September 18, 2020, and upon reconsideration on December 4, 2020. The Administrative Law Judge ("ALJ") held a hearing on September 22, 2021. On, October 5, 2021, the ALJ issued a written decision, finding that Carrillo was not disabled. The ALJ's decision became final on October 17, 2022, when the Appeal Council declined further review.

Carrillo then filed a complaint in this Court, challenging the Commissioner's final decision. Carrillo raised one assignment of error:

> The ALJ's RFC finding is not supported by substantial evidence because his evaluation of psychiatric nurse practitioner Dawn Dunaway's medical opinion did not comply with the revised regulations for evaluating opinion evidence.

(Doc. 8, at 10.) In her R&R, Magistrate Judge Armstrong recommends vacating and remanding the Commissioner's decision. The Commissioner filed an objection to that recommendation.

## **STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P.

---

[1] Carrillo filed a prior application on September 30, 2019, which was denied through the initial level on November 25, 2019. Carrillo did not appeal the initial notice, making the initial notice administratively final. On August 17, 2020, Carrillo's current counsel submitted a letter requesting a reopening of Carrillo's prior application. The ALJ denied the request and noted that "despite the alleged onset date of October 31, 2014, the request for hearing through the prior claim denial date of November 25, 2019[,] is dismissed per *res judicata* (20 CFR 416.1457(c)(1))." (Doc. 6, at 191.) The ALJ considered "only the current claim based on the application filing date of July 24, 2020." (*Id.*)

72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where

that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004)).

**ANALYSIS**

The Commissioner objects to Magistrate Judge Armstrong's finding in her R&R that the ALJ failed to properly evaluate the persuasiveness of Nurse Dunaway's January 2021 opinion that (1) Carrillo would likely be off-task at least 20% of the time (exclusive of a 30-minute lunch break and two 15-minut breaks) due to intrusive thoughts and panic attacks, as well as drowsiness, and (2) Carrillo would be absent from work about four times per month due to his impairments or treatment.

When reviewing a claim for Social Security benefits, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). Significantly, because the first two factors—supportability and consistency—are the "most important" ones, the ALJ "will explain" how he or she considered them. *Id.* § 404.1520c(b)(2).

In assessing Nurse Dunaway's opined limitation, the ALJ concluded that Nurse Dunaway's opinion was unpersuasive because:

> [Nurse] Dunaway did not provide any explanation for the extreme limitation in interacting with others, being off-task, and missing work due to treatment or impairments. Treatment notes in the record do not support any of these limitations and appear to be based on the claimant's subjective complaints rather than objective findings. The claimant's mental health conditions appear well controlled with medications. Mental status examinations noted the claimant was cooperative, alert, oriented x3, and he had a normal mood and affect. Instead, the preponderance of the evidence supports the non-exertional limitations as outline in Finding No. 4 above.

(Doc. 6, at 204 (internal citations omitted).) Magistrate Judge Armstrong recommends in her R&R that this Court reject the ALJ's conclusion because the ALJ failed to properly assess both the supportability and the consistency of Nurse Dunaway's opinion. The Commissioner takes issue with both of these underlying rationales.[2] The Court will address each in turn.

### 1. The ALJ's Conclusion That Nurse Dunaway's Opinion Is Not Supported

"The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). The ALJ appears to have concluded that Nurse Dunaway's opined limitation was not supported because Nurse Dunaway "did not provide any explanation for the extreme limitation in interacting with others, being off-task, and missing work due to treatment or impairments[,]" and "[t]reatment notes in the record do not support any of these limitations and

---

[2] Magistrate Judge Armstrong also found that medical opinions regarding absenteeism and breaks are not issues reserved to the Commissioner. (Doc. 12, at 18–21.) The Commissioner did not articulate any specific objection to that finding. Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). "'Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

appear to be based on the claimant's subjective complaints rather than objective findings." (Doc. 6, at 204.)

In her R&R, Magistrate Judge Armstrong first faulted the ALJ for discounting Nurse Dunaway's opinion because it was based on Carrillo's subjective complaints. Magistrate Judge Armstrong found that the ALJ's conclusion was an "inappropriate rationale" based on case law. (Doc. 12, at 22.)

Subjective complaints of symptoms may support a claim of disability based on mental impairments. *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989). "However, these complaints must be evidenced by an underlying medical condition, and there must be either objective medical evidence confirming the severity of the alleged pain, or there must be an objectively determined medical condition of a severity which can reasonably be expected to give rise to that pain." *Id.* at 1123. "[W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Id.* at 1121 (citation omitted). In such cases, "[o]bjective evidence of the pain or other subjective symptoms is not required" and "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques." *Id.* at 1121, 1123 (citations omitted).

Still, a treating psychiatrist "cannot simply report what his patient says and re-package it as an opinion." *Strouse v. Berryhill*, 2018 WL 7079530, at *19 (N.D. Ohio Dec. 10, 2018) (quoting *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 629 (6th Cir. 2016) (upholding ALJ's discount of treating psychiatrist's opinion because it "seemed to uncritically accept as true most, if not all, of

what [Kepke] reported")). *See also Francis v. Comm'r of Soc. Sec.*, 414 Fed. Appx 802, 804 (6th Cir. 2011) (finding a physician's statement that merely regurgitates a claimant's self-described symptoms "is not a 'medical opinion' at all").

Here, the ALJ did not conclude or otherwise explain that Nurse Dunaway merely "re-package[d]," "regurgitate[d]" or "uncritically accept[ed] as true" Carrillo's subjective complaints. All the ALJ notes is that Nurse Dunaway's opinion "appear[s] based" on Carrillo's subjective complaints "rather than objective findings." Magistrate Judge Armstrong is correct that it is inappropriate for the ALJ to discount Nurse Dunaway's opinion as to Carrillo's psychiatric limitations simply because it "appears based" on subjective complaints. *Blankenship*, 874 F.2d at 1121.

Still, an ALJ may properly discount a psychiatrist's opinion if there are other reasons to question the opinion. *See, e.g.*, *Ruggiero v. Berryhill*, 2019 WL 1409385, at *8 (N.D. Ohio Mar. 28, 2019) ("[W]hile the ALJ was not bound by [a psychiatrist's] opinions, there must be some valid reason for the ALJ questioning those opinions concerning Plaintiff's mental impairments, their severity, and their functional limitations."). Here, the ALJ also concluded that Nurse Dunaway's opinion was unpersuasive because Nurse Dunaway "did not provide any explanation for the extreme limitation in interacting with others, being off-task, and missing work due to treatment or impairments" and Nurse Dunaway's "[t]reatment notes in the record do not support any of [her opined] limitations." (Doc. 6, at 204.) The Court will consider the validity of each rationale in turn.

### A. The ALJ's Conclusion That Nurse Dunaway Did Not Provide Any Explanation for Her Opined Limitations

Magistrate Judge Armstrong found in her R&R that "[t]he ALJ's reasoning that Nurse Dunaway did not provide any explanation for her opined limitations is . . . inaccurate." (Doc. 12, at 23.) This Court agrees. Nurse Dunaway indicated that the reasons she opined that Carrillo would be

7

off task were because of (1) his underlying mental impairments, specifically intrusive thoughts, and panic attacks, (2) his inability to concentrate, pay attention and/or focus on a sustained basis because of intrusive thoughts and panic attacks, and (3) drowsiness. (Doc. 6, at 1701.)

The Commissioner contends these "reports of intrusive thoughts and panic attacks were contained in the subjective complaints portion of [Nurse] Dunaway's treatment records, and did not constitute objective findings observed by [Nurse] Dunaway during the mental status examinations she conducted." (Doc. 13, at 2.) But the ALJ does not conclude Nurse Dunaway failed to provide an explanation based on objective findings. The ALJ concluded that Nurse Dunaway failed to provide "any explanation." This is an incorrect representation of the record.

But even if the ALJ faulted Nurse Dunaway for basing her reasons on Carrillo's subjective complaints, a psychiatric nurse is allowed to form objective medical opinions based on a patient's subjective complaints.[3] *Blankenship*, 874 F.2d at 1121, 1123. The submitted off-task/absenteeism questionnaire asks the practitioner to indicate "[u]nderlying mental . . . impairment(s) established by objective evidence and clinical findings" that are reasons their patient is likely to be off-task. To this, Nurse Dunaway indicated intrusive thoughts and panic attacks. Accordingly, the ALJ's conclusion that Nurse Dunaway "did not provide any explanation for the extreme limitation" is not supported by substantial evidence.

---

[3] For this same reason, the fact that Magistrate Judge Armstrong acknowledged in her R&R that Carrillo reported subjective complaints of intrusive thoughts and panic attacks does not preclude Nurse Dunaway from forming an objective medical finding of the same. Subjective complaints of psychological episodes and objective psychological medical opinions are not mutually exclusive.

### B. The ALJ's Conclusion That Nurse Dunaway's Treatment Notes Did Not Support the Opined Limitations

Magistrate Judge Armstrong also found in her R&R that "the ALJ's conclusion that Nurse Dunaway's treatment notes did not support the opined limitations is not supported by substantial evidence." (Doc. 12, at 23.) This Court need not consider whether this is true because, even if his conclusion is based on substantial evidence, the ALJ failed to build a logical bridge between pertinent information in Nurse Dunaway's treatment records and his conclusion.

For example, after listening to Carrillo's subjective complaints, Nurse Dunaway recorded that Carrillo had a diagnostic impression of bipolar disorder depressed, PTSD, and panic disorder with agoraphobia. (*E.g.*, Doc. 6, at 1350, 1844.) The ALJ fails to explain how Nurse Dunaway's objective diagnostic impression squares with his conclusion that her records do not support her limitations related to these very disorders.

Nurse Dunaway also recorded that Carrillo's prescribed medication made him drowsy based on his subjective complaints. (*E.g.*, Doc. 6, at 1349, 1839.) It appears Nurse Dunaway even attempted to adjust Carrillo's medications in response. But the ALJ likewise fails to address how these treatment notes square with his conclusion that Nurse Dunaway's limitation based on drowsiness is unsupported by her treatment records.

Further, the Commissioner contends that the ALJ relied on Nurse Dunaway's mental status examination findings, which noted (at most of their appointments during the relevant period) that Carrillo had "a well-groomed appearance, fair recent and remote memory, fair attention and concentration, adequate fund of knowledge, cooperative behavior, normal speech, intact language, logical thoughts, normal associations, fair insight and judgment, and no suicidal ideation." (Doc. 13, at 3.) However, the ALJ did not explain, and it is not clear to this Court, how these findings negate

9

Nurse Dunaway's opined limitation related to Carrillo's ability to stay on task and/or be absent because of intrusive thoughts and panic attacks. *See Philips v. Comm'r of Soc. Sec.*, 2012 WL 28335, at *7 (N.D. Ohio, Jan. 5, 2012) (noting that the ALJ discounted the treating source's findings related to plaintiff's PTSD and major depressive disorder by highlighting that plaintiff was alert and cooperative, and that her thought processes were logical, linear and coherent; but the determination that such qualities negate the assessed limitations can only be addressed properly by a medical professional).

For these reasons, the ALJ's conclusion concerning the supportability of Nurse Dunaway's opinion is insufficient. While the ALJ need not discuss at length every piece of evidence in the record, he must at least explain how he considered the evidence relevant to his conclusion that a physician's opined limitation was not supported. *See Ruggiero*, 2019 WL 1409385, at *9 (N.D. Ohio Mar. 28, 2019); *see also Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."). The ALJ failed to do so. Accordingly, the Commissioner's decision must be vacated, and this case remanded.

   **2. The ALJ's Conclusion That Nurse Dunaway's Opinion Is Inconsistent with Other Medical Evidence**

In assessing the weight to give medical opinions and prior administrative medical findings, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). The ALJ does not explicitly state that Nurse Dunaway's opined limitation was inconsistent with her own objective treatment notes or other medical sources, but Magistrate Judge Armstrong deciphers

that the ALJ discounted Nurse Dunaway's opinion for inconsistency based on the ALJ's findings that (1) Carrillo's mental health status examinations noted he was cooperative, alert, oriented x3, and he had normal mood and affect, and (2) his mental health conditions appear well controlled with medications. Magistrate Judge Armstrong found these reasons are not supported by substantial evidence. This Court agrees, in part.

Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance[.]" *Rogers*, 486 F.3d at 241. "The determination of whether there is substantial evidence to support the findings of the Secretary depends on the record as a whole." *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). "[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

First, looking at all the evidence the ALJ considered, there is substantial evidence to support the ALJ's conclusion that Carrillo's mental health status examinations noted he was cooperative, alert, oriented x3, and he had normal mood and affect. Carrillo met with Nurse Dunaway four times during the relevant period. During one of those four visits, Nurse Dunaway recorded that Carrillo appeared highly anxious and his concentration was poor. (Doc. 6, at 1349.) But Nurse Dunaway did not record similar examinations for the other visits; instead, she recorded that Carrillo's concentration was fair and his mood was "stable," "generally ok" and "content." (*Id.* at 1839, 1843, 1874.) Carrillo also met with Alexander Vu, M.A. ("Vu") five times during the relevant period. Vu noted during each visit that Carrillo was oriented to time, person, and place; his concertation was sustained; he was cooperative; his mood was euthymic or stable; and his affect was congruent or full. (*E.g.*, *id.* at 1651.)

11

That some evidence, including Nurse Dunaway's own treatment notes, may be consistent with her opined limitations cannot upset the ALJ's conclusion, so long as his conclusion is supported by substantial evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

On the other hand, this Court agrees with Magistrate Judge Armstrong's finding that the ALJ's conclusion relative to the impact of Carrillo's medications is not supported by substantial evidence.[4] While there may be evidence that some medications helped Carrillo manage his conditions more than others, there is insufficient evidence to support the ALJ's conclusion that Carrillo's "mental health conditions appear well controlled with medications." The ALJ does not cite any medical opinion to support this conclusion and a review of the medical record evidence suggests otherwise.

Vu's records indicate Carrillo reported anxiety, intrusive thoughts, and panic attacks during the relevant period. Nurse Dunaway's records indicate that Carrillo complained about his prescribed medications' effectiveness and side effects. The evidence shows that, in response, Nurse Dunaway changed drugs and/or dosages during the relevant period. To be sure, Carrillo reported anxiety, sleep disturbances, and intrusive thoughts, among other symptoms, when he presented for treatment at the New Leaf Counseling Services in August 2021—the most recent medical evidence on record. (Doc. 6, at 1879.)

---

[4] The Commissioner does not articulate any independent objection to the Magistrate Judge's finding concerning the ALJ's conclusion as to the effect of Carrillo's medication. As noted above, failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas*, 474 U.S. at 142.

Further, the ALJ's seemingly overstated conclusion is particularly troubling because, here, Carrillo reported throughout the relevant period that some of his prescribed medications made him drowsy and/or did not help his sleep—a reason Nurse Dunaway included for her limitation opinion. Nurse Dunaway recorded these complaints. Additionally, as noted, Nurse Dunaway changed Carrillo's prescriptions during the relevant period. Despite this evidence, and without any explanation or citation, the ALJ notes elsewhere in his opinion that "[t]here is no evidence that [Carrillo's] use of prescribed medication is accompanied by side effects that would interfere significantly with his ability to perform work within the restrictions outlined in this decision." (Doc. 6, at 205.)

The ALJ's failure to adequately explain his consideration of evidence related to the impacts of Carrillo's medication cannot be squared with his generalized statements that Carrillo's "mental health conditions appear well controlled with medications." A district court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer*, 774 F. Supp. 2d at 877 (quoting *Sarchet*, 78 F.3d at 307); *accord Shrader*, 2012 WL 5383120, at *9. Accordingly, the decision of the Commissioner must be vacated, and the case remanded for this reason as well.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED IN PART and REJECTED IN PART. The decision of the Commissioner is VACATED, and this case is REMANDED for further consideration consistent with this memorandum of opinion.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/28/24